IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Civil No. WDQ-07-3341 |
| v. : | |
| : | |
| GEORGE M. VARDOULAKIS, ET AL., : | |
| Defendants. : | |

…o0o…

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Government's Renewed Motion for Entry of Default Judgment, ECF No. 30.[1] Defendants George Vardoulakis and Maureen K. Vardoulakis (now known as Maureen Kelly) (collectively, the Vardoulakises**)** have not filed a response and the time for doing so has passed. *See* Loc. R. 105.2a. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons stated herein, I recommend that the Government's Renewed Motion for Default Judgment be GRANTED and that damages be AWARDED, as set forth herein.

Notably, the Government filed its original Motion for Default Judgment against Defendants on August 31, 2010. ECF No. 25. However, the Government failed to discuss the essential elements of its two claims or demonstrate how the well-pleaded facts of the Complaint establish each of them. Therefore, the Court denied the Government's motion, without prejudice to refiling with a discussion of the elements and how they are established. ECF No. 27. Regrettably, the Renewed Motion and exhibits provided minimal assistance to the Court which,

---

[1] On April 26, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review the Government's Motion for Default Judgment. ECF No. 26.

as a result, had to expend significant time on this matter, time that should have been spent by the Department of Justice, which has the burden of proof. *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) (citing Fed. R. Civ. P. 55(b)(1)). Nonetheless, based on the Court's own research and the evidence that was provided, the entry of judgment in favor of the Government and damages, as detailed below, is appropriate, although the evidence does not support entry of the greater amounts that the Government sought.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 12, 2007, the Government filed a Complaint, alleging that the Vardoulakises are liable to the United States for $72,677.61 in federal personal income taxes, penalties, and interest accrued for the years 1994, 1995, 2000, and 2001, plus interest and costs that may arise after the Government filed the Complaint. Compl. ¶¶ 9-13, ECF No. 1. The Government moved for a default judgment, seeking only the reduced amount of "$2,396.26 for income tax, penalties and interest for tax year 2001." Mot. 4. In support of its motion, the Government referred to a previously-filed, August 27, 2010 declaration by Ms. Suzanne Fawley, the advisor with the Collection Advisory, Insolvency & Quality branch of the Small Business/Self-Employed Division of the Internal Revenue Service (IRS). ECF No. 25-2. Ms. Fawley stated, based on the information available to her in the IRS's documents and databases, that the Vardoulakises owed $2,396.26 for 2001, but did not owe anything for 1994, 1995, or 2000. Fawley Decl. ¶ 3. The Government also referenced a previously-filed declaration by Benjamin J. Weir, trial attorney with the Tax Division of the United States Department of Justice, who stated that the Vardoulakises are not serving in the United States military. ECF No. 25-3. Additionally, the Government attached four Form 4340, Certificate of Assessments,

Payments and Other Specified Matters, dated October 14, 2010, for the Vardoulakises for 1994, 1995, 2000, and 2001. Mot. Ex. 1, ECF No. 30-2. However, each Form 4340 shows a balance of "0.00." *Id.*

In its Complaint, the Government also claimed that George Vardoulakis, individually, owed $2,574.76 for federal personal income taxes, penalties, and interest accrued for the year 2002, plus interest and costs that may arise after the Government filed the Complaint. Compl. ¶¶ 15-19. In its motion for default judgment, the Government sought "$2,913.80 for income tax, penalties and interest for tax year 2002." Mot. 5. In support, the Government referenced Ms. Fawley's Declaration, in which she stated that George Vardoulakis, individually, owed $2,913.80 for 2002. Fawley Decl. ¶ 4. The Government also attached a Form 4340, dated October 14, 2010, for George Vardoulakis for 2002, which shows line items such as "tax assessed," "interest assessed," "subsequent payment," and "failure to pay tax penalty," as well as a balance of $2,006.17. Mot. Ex. 2, ECF No. 30-3. The certified forms also show that the Government gave notice and made demand for payment. *Id.*

The Government also alleged in its Complaint that Defendants "were responsible persons required to collect, truthfully account for and pay over to the United States taxes withheld from wages Cut & Style Incorporated paid to employees during the second quarter of 1992, the first, third, and fourth quarters of 1993," and all of 1994 and 1995. Compl. ¶ 21. The Government claimed that Defendants "willfully failed to pay over the taxes," such that they are liable for the taxes, trust fund recovery penalties under 26 U.S.C. §§ 6672, and interest in the amount of $219,124.65 "plus interest, penalties and costs." *Id*. ¶¶ 22-27. With regard to the trust fund recovery penalties, the Government alleged in its motion for default judgment that George Vardoulakis is liable for $246,550 and Maureen Vardoulakis is liable for $246,520. Mot. 5. In

support, the Government referenced Ms. Fawley's Declaration, in which she stated, with regard to trust fund recovery penalties, that the Vardoulakises owed a total of $87,155.88 for the second quarter of 1992, the first, third, and fourth quarters of 1993, all of 1994, and all of 1995. Fawley Decl. ¶¶ 5-7.  Additionally, Ms. Fawley stated that George Vardoulakis, individually, owed a total of $246,550.00, and Maureen K. Vardoulakis, individually, owed a total of $246,520.00, for trust fund recovery penalties and interest for the same periods. *Id.* ¶¶ 8-11.  The Government also attached three Form 4340, dated October 14, 2010, for George Vardoulakises for the applicable periods, and three for Maureen J. Kelly for the same periods.  Mot. Ex. 3, ECF No. 30-4.  The three Form 4340 for George Vardoulakis show a balance of $85,987.30 in the Government's favor; the three for Maureen J. Kelly show a balance of $85,762,27, also in the Government's favor.  *Id.*  The certified forms also show that the Government gave notice and made demand for payment.  *Id.*

On March 31, 2008, the Government filed a Motion for Extension of Time to Serve Summons and Complaint, ECF No. 7, which the Court granted on April 2, 2008, ECF No. 8. The Summons and Complaint were personally served on George M. Vardoulakis and Maureen Vardoulakis (now Maureen Kelly) on September 18 and 24, 2008, respectively. ECF Nos. 11 & 12.  Defendants failed to plead or otherwise assert defenses to the Complaint. On November 6, 2008, the Government moved for Entry of Default, ECF No. 14, and the Clerk entered an Order of Default on December 8, 2010.  ECF No. 15.  Thereafter, the Government filed status reports on January 22, February 5, May 13, and November 13, 2009, and August 20, 2010. ECF Nos. 17, 18, 20, 22 & 24.  The Government filed its original Motion for Default Judgment on August 31, 2010, and its Renewed Motion on November 12, 2010.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974), *reversed on other grounds*, 533 F.2d 891 (3d Cir. 1976) (concluding that clerk could not enter default judgment where damages were not liquidated).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

> The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.Md. 2005).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages, as discussed *infra*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . and is barred from

contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, 2010 WL 2899036, at *2-3 (D. Md. June 17, 2010); 10A WRIGHT, MILLER & KANE, FED. PRAC. & PROC. § 2688 (3d ed. Supp. 2010). Nonetheless, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." FED. PRAC. & PROC. § 2688; *see Ryan*, 253 F.3d at 790 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206)); *Agora Fin., LLC*, 2010 WL 2899036, at *2-3; *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree"); *e.g.*, *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

As noted, Defendants were personally served with the Summons and Complaint on September 18, 2007 and September 24, 2008, but never pleaded or otherwise asserted a defense.[2] Thus, all of the Government's factual allegations not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. The Government moved for an entry of default on November 6, 2008 and a default judgment on August 31, 2010, and November 12, 2010, and Defendants still did not respond. It is within the court's discretion to grant default

---

[2] Defendants George and Maureen Vardoulakis had twenty-one days after service to respond. Fed. R. Civ. P. 12(a)(1)(A)(i).

6

judgment when defendants are unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Over two and a half years have passed since Defendants received the Complaint, yet they still have not responded. Thus, if the Government has established Defendants' liability, the Court should grant default judgment.

With regard to liability, the Government claims that George Vardoulakis, individually, is liable to the United States for federal income taxes, penalties, and interest for the year 2002; the Vardoulakises are liable to the United States for federal income taxes, penalties, and interest for the year 2001; and they are liable to the United States for trust fund recovery penalties, taxes and interest for periods in 1992 and 1993 and all of 1994 and 1995.[3] By supporting its Renewed

---

[3] The Government filed suit on December 13, 2007, and therefore, its claims pertaining to uncollected taxes for the prior ten years are within the statute of limitations. *See* 26 U.S.C. § 6502(a)(1). However, its claims pertaining to uncollected taxes in 1995 and earlier clearly fall outside the statute. *See id.* Despite the fact that the Government seeks to recover for these earlier periods, the Government's filings did not discuss whether the statute had been tolled for the Government's earlier claims to fall within the statute. Thus, it fell to the Court to address and resolve this issue. Although the statute of limitations would have expired for the claims pertaining to uncollected taxes in 1995 and earlier, Defendants made offers-in-compromise that tolled the statute, such that it had not yet expired when the Government filed suit. *See United States v. Kitila*, No. DKC-09-0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010) ("Section 6331 of the tax code provides that the statute of limitations is suspended when the Government is prohibited from making a levy. 26 U.S.C. § 6331(i). One of the situations in which the Government may not make a levy is when an offer-in-compromise is pending. *Id.* at

Motion with the Fawley Declaration and Certified Form 4340 for the applicable periods and tax payers, the Government made a *prima facie* case of tax liability and shifted the burden to Defendants "to produce evidence refuting the Government's position." *United States v. Kitila*, No. DKC-09-0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010) (citing *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980)). Defendants did not produce any evidence, and therefore liability is established for unpaid taxes, as well as related penalties and interest, as to George Vardoulakis for the year 2002, and as to Defendants for the year 2001. *See* 26 U.S.C. § 6502(a)(1); *Kitila*, 2010 WL 917873, at *3. Liability is also established as to Defendants for trust fund recovery penalties, taxes and interest for periods in 1992 and 1993 and all of 1994 and 1995. *See* 26 U.S.C. § 6672(a); *Pomponio*, 635 F.2d at 296. Therefore, the Court should grant the Government's Renewed Motion for Default Judgment.

### B. Damages

An allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs.*, 2009 WL 1872535, at *1 ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."); *see also Ryan*, 253 F.3d at 780 ("[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

---

§ 6331(k)(1). Reading subsections (i) and (k) together, the statute of limitations for collection is suspended 'during the period that an offer-incompromise ... is pending with the Secretary; and ... if such offer is rejected ... during the 30 days thereafter.' *Id*. at 6331(i), (k)(1) (A)-(B).").

Therefore, on default judgment, the Court only may award damages without a hearing if the record supports the damages requested. *See, e.g.*, *Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against defendant because plaintiff submitted invoices documenting the money owed to plaintiff); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence"). Proceeding without a hearing is the exception: "Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same).

Here, the Government seeks to reduce to judgment the liability for delinquent income taxes, trust fund taxes, penalties and interest owed by Defendants. As noted, the Government claims a total of $2,396.26 from Defendants in delinquent federal taxes in its Renewed Motion for Default Judgment. Mot. 4. Although the declaration by Ms. Fawley supports the Government's assertion, *see* Fawley Decl. ¶ 3, the Form 4340 for 1994, 1995, 2000, and 2001, show that the Vardoulakises do not owe any taxes, penalties, or fees for any of those years, Mot. Ex. 1, and the Government fails to explain the discrepancy. Therefore, on the record before me, the Government has failed to establish its entitlement to damages with regard to the Vardoulakises' income tax liability.

The Government also claims that George Vardoulakis, individually, owes $2,913.80 for personal income taxes, penalties, and interest. Mot. 5. Again, Ms. Fawley's declaration supports the Government's assertion. *See* Fawley Decl. ¶ 4. However, the balance shown on the Form 4340 for Mr. Vardoulakis for 2002 is only $2,006.17, Mot. Ex. 2, and the Government does not explain the discrepancy. Therefore, damages should be awarded to the Government, against George Vardoulakis, individually, in the amount of $2,006.17.

Finally, with regard to taxes withheld from Cut & Style Incorporated employees, interest, penalties, and costs, the Government claims that George Vardoulakis owes $246,550.00 and Maureen Kelly owes $246,520.00. Mot. 5. Ms. Fawley's declaration supports this assertion as well. *See* Fawley Decl. ¶¶ 8-11. However, the six Form 4340 for the relevant period, which the Government attached to its motion, show that George Vardoulakis owes $85,987.30 and Maureen Kelly owes $85,762.27. Mot. Ex. 3. Again, the Government has not explained the discrepancy. Therefore, damages should be awarded to the Government, against George

Vardoulakis in the amount of $85,987.30, and against Maureen Kelly in the amount of $85,762.27.

I note that the total award that has been established by the uncontradicted evidence that the Government has provided is substantially less than the amount the Government sought. The responsibility for this falls squarely with the Government. It has treated this motion as a pro forma step to take to reduce its claims to a final judgment, ignoring the well-established body of law cited above that, notwithstanding the Defendants' default, the Government must still establish each element of liability, and prove damages with particularity. When the Government's first submission proved deficient, this Court provided detailed guidance as to what the Government needed to do to support its motion. While its second filing cured its earlier deficiencies in establishing liability, it provided contradictory documentary evidence regarding damages, as detailed above, and failed to explain the contradictions. Faced with the choice of denying the motion a second time or awarding a judgment for a lesser amount that was supported by uncontradicted evidence, I determined that the later course was more appropriate. I did not elect to schedule an evidentiary hearing because (1) the Government did not request one; (2) this matter already has consumed a significant amount of Court time, and further compounding that effort by setting an evidentiary hearing to afford the Government a third bite at the apple did not seem warranted; and (3) the purpose of an evidentiary hearing is to afford defendants "the opportunity to contest the amount claimed," *U2 Home Entm't*, 482 F. Supp. 2d at 318, not to afford a plaintiff another opportunity to explain the evidence it already provided. If the Government should file objections to this Report and Recommendation and seek such a third bite, it should explain why it failed to meet its burden during the second one.

**III. CONCLUSION**

I recommend that the Government's Motion for Default Judgment be GRANTED and that damages be AWARDED, as detailed above.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: December 9, 2010                                    /S/
                                                   Paul W. Grimm
                                                   United States Magistrate Judge

lyb