IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | :<br>:<br>:     Civil No. WDQ-07-3341 |
| v. | :<br>: |
| GEORGE M. VARDOULAKIS, ET AL.,<br>Defendants. | :<br>: |

…o0o…

## AMENDED REPORT AND RECOMMENDATION

This Amended Report and Recommendation addresses the Government's Renewed Motion for Entry of Default Judgment, ECF No. 30, and the Government's Objection to the Magistrate's Report and Recommendation Dated December 9, 2010, ECF No. 33, which the Court is treating as a Motion for Reconsideration of the December 9, 2010 Report and Recommendation, ECF No. 31.[1] Defendants George Vardoulakis and Maureen K. Vardoulakis (now known as Maureen Kelly) (collectively, the Vardoulakises) have not filed a response and the time for doing so has passed. *See* Loc. R. 105.2a. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons stated herein, as well as in the December 9, 2010 Report and Recommendation, parts of which are incorporated herein by reference, I recommend that the Government's Motion for Reconsideration and Renewed Motion for Entry of Default Judgment be GRANTED and that damages and interest be AWARDED, as set forth herein.

---

[1] On April 26, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review the Government's Motion for Default Judgment. ECF No. 26.

The factual and procedural history, as set forth in the December 9, 2010 Report and Recommendation at 1-4, is incorporated herein by reference. Further, as stated in the December 9, 2010 Report and Recommendation, the Government has established Defendants' liability, a default judgment is appropriate, and therefore, the Court should grant the Government's Renewed Motion for Entry of Default Judgment. *Id*. at 7-8. The discussion supporting this conclusion also is incorporated herein by reference.

With its Renewed Motion for Entry of Default Judgment, the Government submitted Certificates of Assessment, to establish the taxes, penalties, and interest that had been assessed against Defendants. ECF No. 30-2. The Certificates did not include interest that had accrued but had not been assessed. With its original Motion for Default Judgment, the Government had submitted an August 27, 2010 declaration by Ms. Suzanne Fawley, the advisor with the Collection Advisory, Insolvency & Quality branch of the Small Business/Self-Employed Division of the Internal Revenue Service (IRS), ECF No. 25-2, "to establish the interest that had accrued on those assessed amounts to March 23, 2010." Gov't Mot. for Reconsid. 2. Thus, it included interest that had accrued but had not been assessed. In its December 9, 2010 Report and Recommendation, this Court based its damages recommendation on the amounts shown on the Certificates of Assessment, rather than on the Fawley Declaration, because the Government had not explained the discrepancy between the figures.

The Government's failure to explain that liability extended beyond the figures shown in the Certificates, to include unassessed interest, is hard to believe, considering that its failure to do so in this Court only two years earlier led the District Court to deny damages beyond what the Certificates showed. *See United States v. Sarubin*, 507 F.3d 811, 814 (4th Cir. 2007). In *Sarubin*, on the Government's Motion for Summary Judgment, the District Court found that "the

Certificates only supported recovery of the 'balances' listed," it and held that "[i]t was 'simply untenable' . . . for 'the [g]overnment [to] send such a notice representing a fixed figure as of a certain date and then seek additional funds not previously stated.'" *Id.* at 814 (quoting District Court). Therefore, it "estopped the government . . . from collecting the unitemized and unassessed statutory interest." *Id.* Consequently, the Government had to resort to an appeal to the Fourth Circuit to collect the statutory interest that had not been itemized and assessed. *Id.* Apparently, the lesson was not learned, and the Government appears before this Court once again, seeking unassessed statutory interest without establishing its basis for such a recovery.

While cases of this nature may be routine to the trial attorneys in the Tax Division of the United States Department of Justice, they are not routine for busy trial courts such as this one. It is not too much to expect that the Government will actually describe in a clear and particularized fashion exactly how it calculates the damages it seeks, and the supporting authority, rather than assuming omniscience or clairvoyance on the part of the Court. It is hoped that in the future the Government will make a complete and clear submission the first time around.

In its Renewed Motion for Entry of Default Judgment—filed after its initial Motion for Default Judgment was denied for failure to establish underlying liability—, the Government stated that, although the Certificates of Assessment do not show interest that has accrued but has not been assessed, the Government's recovery is not limited to the amount shown in the Certificates. Gov't Mot. for Reconsid. 5, *citing Ghandour v. United States*, 37 Fed. Cl. 121, 126 (1997). Rather, "the government is statutorily entitled to recover interest on unpaid taxes accruing to the date of payment, regardless of whether the interest is reflected in an assessment." *United States v. Sarubin*, 507 F.3d 811, 812-13 (4th Cir. 2007). This is because "the amount of interest accrued on . . . tax liability is a matter of law," even though tax liability is established as

3

a matter of evidence. *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) (emphasis removed). Thus, by submitting the Certificates, the Government established that Defendants "owed the underlying tax debt sought, which debt has in turn accrued interest by operation of statute." *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007).

The statute providing for the accrual of interest is 26 U.S.C. § 6601(a), which provides: "If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." Additionally, the trust fund recovery penalties under 26 U.S.C. §§ 6672, for which Defendants' liability has been established, are assessable penalties for which the Court must impose interest under 26 U.S.C. § 6601(a). *See* 26 U.S.C. § 6601(e)(2)(A) (providing that, when an assessable penalty "is not paid within 21 calendar days from the date of notice and demand therefor (10 business days if the amount for which such notice and demand is made equals or exceeds $100,000)," interest shall be imposed on that penalty under 26 U.S.C. § 6601(a) "from the date of the notice and demand to the date of payment"). Also, post-judgment interest accrues at the same rate. *See* 28 U.S.C. § 1961(c) (providing that its provisions for post-judgment interest "shall not apply in any judgment of any court with respect to any internal revenue tax case," and that in such cases, "interest shall be allowed . . . at the [applicable] rate . . . established under section 6621 of the Internal Revenue Code of 1986"). Here, the Fawley Declaration "included a calculation of interest up until March 23, 2010." Gov't Mot. for Reconsid. 2.

Having considered the Government's Renewed Motion for Default Judgment and reconsidered this Court's prior rulings, as well as the evidence presented and the relevant statutory authority, it is hereby recommended that

(1) the United States' motion for entry of default judgment be GRANTED;

(2) judgment be issued against George Vardoulakis and Maureen Vardoulakis, now known as Maureen Kelly, for unpaid income taxes, penalties and interest relevant to the year 2001 in the amount of $2,396.26 as of March 23, 2010, plus penalties, interest, and statutory additions accruing after that date according to 26 U.S.C. § 6601(a) and 28 U.S.C. § 1961(c);

(3) judgment be issued against George Vardoulakis for unpaid income taxes, penalties and interest relevant to the year 2002 in the amount of $2,913.80 as of March 23, 2010, plus penalties, interest, and statutory additions accruing after that date according to 26 U.S.C. § 6601(a) and 28 U.S.C. § 1961(c);

(4) judgment be issued against George Vardoulakis for unpaid trust fund recovery penalties pursuant to 26 U.S.C. § 6672 for the following tax periods: the second quarter 1992, the first, third and fourth quarters of 1993, and the first quarter of 1994 through the fourth quarter of 1995, inclusive, in the amount of $246,550 as of March 23, 2010, plus interest, and statutory additions accruing after that date according to 26 U.S.C. § 6601(e)(2)(A) and 28 U.S.C. § 1961(c); and

(5) judgment be issued against Maureen Vardoulakis, now known as Maureen Kelly, for unpaid trust fund recovery penalties pursuant to 26 U.S.C. § 6672 for the following tax periods: the second quarter 1992, the first, third and fourth quarters of 1993, and the first quarter of 1994 through the fourth quarter of 1995, inclusive, in the amount of $246,520 as of March 23, 2010, plus interest, and statutory additions accruing after that date according to 26 U.S.C. § 6601(e)(2)(A) and 28 U.S.C. § 1961(c).

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated: January 26, 2011 /S/
Paul W. Grimm
United States Magistrate Judge

lyb